UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORA OXLEY,

                Plaintiff,

-against-

EXCELLENT HOME CARE SERVICES,
LLC, et al.,

                Defendants.
------------------------------------------------------------X

Jan. 23, 2020

The Court adopts the recommendation and approves the parties' settlement.

s/ RJD

**REPORT AND RECOMMENDATION**
18 CV 2374 (RJD) (CLP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 24 2020 ★

BROOKLYN OFFICE

**POLLAK**, United States Magistrate Judge:

On April 23, 2018, plaintiff Cora Oxley ("plaintiff") filed this action against Excellent Home Care Services, LLC, Ryvkie Goldberger, and Devora Friedman ("defendants"), seeking unpaid wages, unpaid overtime wages, and notice and pay statement violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq.

On October 2, 2019, plaintiff filed a letter motion[1] indicating that the parties had settled this matter and requesting that the Court approve a proposed settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). On October 28, 2019, this Court held a fairness hearing on plaintiff's motion, at which point the Court Ordered the parties to submit the written settlement agreement so that the Court could properly establish the adequacy of the settlement. On December 10, 2019, the parties submitted to the Court the executed Settlement Agreement and Release. (See Sett. Agr.[2]).

---

[1] Citations to "Pl.'s Mot." refer to plaintiff's Motion for Settlement, filed October 2, 2019, ECF No. 22.

[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed on December 10, 2019, ECF No. 25.



For the reasons set forth in this Report and Recommendation, the Court respectfully recommends approval of the parties' settlement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claims that she worked as a traveling nurse for defendants from approximately June 2010 to approximately January 2018. (Compl.[3] ¶¶ 13, 15-16). Plaintiff claims she was paid at a rate of between $65 and $80 per hour for this work. (Id. ¶ 17). Plaintiff claims that she was not paid her full hourly or overtime rate of pay while she was employed by defendants. (Id. ¶ 18). Specifically, plaintiff alleges that she was not compensated for her travel time between assignments, which averaged 10-15 hours per week. (Id.) Further, plaintiff claims that she worked an average of 5-10 uncompensated hours per week on certain work related paperwork. (Id.) Finally, plaintiff claims that defendants did not provide accurate wage and time records or provide proper notice as required by NYLL. (Id. ¶ 21-23).

The parties propose to settle the case for a total of $19,500.00. (Sett. Agr. at 1). Of that amount, plaintiff is to receive $12,565.00 and plaintiff's counsel is to receive $6,282.00 in fees and $653.00 in costs. (Id.) For the reasons set forth below, the Court respectfully recommends approval of the parties' settlement as fair and reasonable.

## DISCUSSION

1. <u>Legal Standards</u>

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

---

[3] Citations to "Compl." refer to plaintiff's Complaint, filed on April 23, 2018, ECF No. 1.

2

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the settlement are fair and reasonable. The agreement contains no confidentiality provision or non-disparagement provision. Although there is a general release of claims against plaintiff, the release of claims against defendants is limited to wage and hour claims as of the date of the Settlement Agreement.

3. Settlement Amount

The parties propose to settle the case for a total of $19,500.00. (Sett. Agr. at 1). During the fairness hearing that took place on October 28, 2019, counsel for plaintiff indicated that there

3

were a number of issues that, depending on how they were resolved, could adversely affect plaintiff's ability to recover. For example, counsel indicated that there is a dispute as to the number of hours plaintiff worked and whether certain of those hours are compensable. The parties also disagreed as to plaintiff's correct employment characterization, with defendants claiming that plaintiff was an exempt employee and not entitled to any recovery in this suit.

By plaintiff's calculation, total damages for all causes of action in this case amount to a potential recovery of more than $100,000.00. However, plaintiff acknowledges the significance of the disputes and the potentiality that plaintiff not recovery at all in the action.

Given the disputed issues, along with the risks inherent in litigation, the Court respectfully recommends that plaintiff's recovery under the settlement be found to be fair and reasonable.

4. Attorneys' Fees and Costs

The Second Circuit has set forth six factors to determine whether attorneys' fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorneys' fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50

F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. June 6, 2013). Although courts in this Circuit have noted that there is "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts must still "carefully scrutinize" such settlements. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336 (internal citations omitted).

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests $6,282.00, which is one-third of the settlement amount after costs are deducted. (Sett. Agr. at 1). Counsel also requests costs of $653.00. (Id.) While plaintiff's counsel does not provide statements or records indicating the number of hours worked on this matter, counsel has indicated to the Court that the total hourly fees in this case are in excess of $22,000. (Pl.'s Mot., Ex. 1 at 3). Plaintiff's counsel has indicated that, in the interest of settlement, he has agreed to take a reduced fee. (Id.)

5

This one-third percentage is sufficient to consider the reasonableness of these costs and fees. As noted above, settlements of a one-third percentage are typically found reasonable in this Circuit. Therefore, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable, and respectfully recommends that it be approved.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends that the District Court find that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court further respectfully recommends that plaintiff's counsel be awarded $6,282.00 in fees and $653.00 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a ... report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

6

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 8, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York